NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT A. WOLTER,<br><br>  Plaintiff,<br><br>  v.<br><br>PETER CARTER, et al.<br><br>  Defendants. | Case No. 2:20-cv-20372 (BRM)<br><br>OPINION |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is *pro se* plaintiff Kofi Robert A. Wolter's ("Plaintiff") Complaint, filed pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Based on his affidavit of indigence (ECF No. 3), the Court previously granted him leave to proceed *in forma pauperis* and ordered the Clerk of the Court to file the Complaint. (ECF No. 4.)

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Complaint is **DISMISSED**.

**I.    BACKGROUND**

On February 7, 2019, at Plaintiff's initial court hearing, attorney Peter Carter ("Carter") only provided to the court reasons Plaintiff should be denied bail. (ECF No. 1 at 3.) Plaintiff alleges, around March 2019 to September 2019, attorney Michael N. Pedicini ("Pedicini") was ineffective by failing to "gather evidence, file false arrest and selective prosecution, refusing on

the record to argue a motion for co-counsel representation, and requesting a rule 20 transfer also against [Plaintiff's] instruction." (*Id.*) Around October 2019 to March 2020, attorney John McGovern ("McGovern") (together with Carter and Pedicini, "Defendants") was ineffective for "failing to gather evidence, file false arrest and selective prosecution." (*Id.*) Plaintiff submits that, in March 2020, attorney McGovern "agreed to a dismissal of [Plaintiff's] charge without [Plaintiff] being present, without [his] knowledge, or approval." (*Id.*) Plaintiff alleges all three attorneys provided minimal competent representation. (*Id.* at 4.) Counsel denied Plaintiff an opportunity for bail. (*Id.*) Attorneys Pedicini and McGovern made no trial preparations, causing continuances in violation of Plaintiff's speedy trial rights. (*Id.*) "All counsel repeatedly advised [Plaintiff] to plead guilty in spite of no investigation and [Plaintiff's] repeated refusals to plead guilty." (*Id.*) Plaintiff submits all counsels' performance fell below an objective standard of reasonableness. (*Id.*)

Plaintiff seeks monetary damages. (*Id.*) Plaintiff also seeks defendants' admission of wrong doing and apology. (*Id.*)

## II. LEGAL STANDARD

### A. Standard for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *IFP, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to

*sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, the alleged

deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### III.   DECISION

As explained above, Plaintiff alleges claims of ineffective assistance of counsel against Defendants related to Plaintiff's criminal charges. Plaintiff does not specify if Defendants were privately retained or are public defenders.

State action, a necessary element of a Section 1983 action, is lacking as to the claim against all counsel.  If Defendants are private attorneys, they were not acting under the color of state law and therefore are not state actors. As such, they would not be proper defendants in a Section 1983 action. *See Love v. Law Office of Roberts*, No. 11-4500, 2011 WL 4916196, at *2 (D.N.J. Oct.17, 2011) ("As a private attorney, Defendant Roberts is not a state actor for purposes of § 1983") (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981)). If Defendants were public defenders, Plaintiff's claims also fail because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to defendant in a criminal proceeding." *See Polk Cnty.*, 454 U.S. at 325; *Chambers v. Hughes*, 532 F. App'x 86, 87 (3d Cir. 2013); *Murphy v. Bloom*, 443 F. App'x 668, 670 (3d Cir. 2011).  "[A] public defender is not amenable to administrative direction in the same sense as other employees of the State" because a public defender "works under canons of professional responsibility that mandate his exercise of independent judgment on behalf of the client." *Polk Conty.*, 454 U.S. at 321. "[E]qually important, it is the constitutional obligation of the State to respect the professional independence of the public defenders whom it engages." *Id.* at 321-22. Therefore, the allegations against Defendants fail to state a Section 1983 claim as a matter of law.

### III.  CONCLUSION

For the reasons stated above, the Complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Because it is conceivable Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, Plaintiff may move to re-open this case and to file an amended complaint. An appropriate order follows.

Dated: September 15, 2021

<em>/s/ Brian R. Martinotti</em><br>
**HON. BRIAN R. MARTINOTTI**<br>
**UNITED STATES DISTRICT JUDGE**