<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT A. WOLTER,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL R. LOVETT, *et al.*,<br><br>Defendants. | Case No. 2:20-cv-20372 (BRM) (CLW)<br><br>**MEMORANDUM OPINION** |

Before this Court is *pro se* plaintiff Robert A. Wolter's ("Plaintiff") civil rights amended complaint ("Amended Complaint") filed pursuant to 42 U.S.C. § 1983, and a motion to reopen this matter. (ECF No. 8.) The gravamen of his Amended Complaint is ineffective assistance of pre-trial counsel. (*See id.*)

On September 15, 2021, after granting Plaintiff's application to proceed *in forma pauperis*, the Court screened Plaintiff's Complaint for dismissal under 28 U.S.C. § 1915(e)(2)(B). (*See* ECF No. 6.) The Court dismissed the claims against attorneys Peter Carter, Michael N. Pedicini, and John McGovern (collectively "Defendants") without prejudice for failure to state a claim for relief. (*Id.*) The Court found that Plaintiff failed to indicate whether Defendants were retained private counsel or public defendants. The Court also noted that both private attorneys and public defenders are not "state actors," a necessary element of a Section 1983 action. *See Love v. Law Office of Roberts*, No. 11-4500, 2011 WL 4916196, at *2 (D.N.J. Oct.17, 2011) ("As a private attorney, Defendant Roberts is not a state actor for purposes of § 1983") (citing *Polk Cnty. v. Dodson*, 454

U.S. 312, 325 (1981)); *see also Chambers v. Hughes*, 532 F. App'x 86, 87 (3d Cir. 2013); *Murphy v. Bloom*, 443 F.App'x 668, 670 (3d Cir. 2011).

On October 5, 2021, Plaintiff filed his motion to reopen with a proposed Amended Complaint. (ECF No. 8.) Plaintiff again raises claims against Defendant Carter and Defendant McGovern.[1] (*See id.*) Plaintiff alleges that Defendant Carter was a public defender and Defendant McGovern was a court-appointed panel attorney. (*Id.* at 2.) Plaintiff submits the following:

> On February 7, 2019, [Plaintiff] informed Carter [he] wanted bail if possible. At the arraignment, after Carter disregarded [Plaintiff's] instruction, [Plaintiff] informed the court Carter was fired and that [Plaintiff] was now representing [himself]. Carter again disregarded [his] instruction.
>
> After [Plaintiff's] criminal case was dismissed McGovern never informed [Plaintiff], never made any motion for my seized property to be returned which included about $10,600, and never gave [Plaintiff] all related court documents, evidence, and transcripts. All seized property was never returned to [Plaintiff].

(*Id.*)

The Court construes the Amended Complaint to assert claims of ineffective assistance of counsel against Defendants Carter and McGovern. Plaintiff again fails to state claim for relief. As explained by the Court previously, criminal defense attorneys, including both public defenders and appointed criminal counsel, are absolutely immune from suit under § 1983 for actions taken when acting in the scope of their professional duties as defense counsel as they do "not act under color of state law when performing a lawyer's traditional functions." *Polk Cnty.*, 454 U.S. at 318; *see also Carter v. Kane*, 717 F. App'x 105, 108 (3d Cir. 2017); *Walker v. Pennsylvania*, 580 F. App'x

---

[1] Plaintiff states that Defendant Pedicini was a court-appointed panel attorney, however, he fails to raise any claims against Defendant Pedicini in his Amended Complaint. Therefore, the Court does not address that defendant in this Opinion and Plaintiff's claims in original complaint against Defendant Pedicini remain dismissed.

2

75, 78 (3d Cir. 2014). As all of Plaintiff's claims arise out of the actions or inactions of Defendants in their capacity as his criminal defense attorneys, Defendants are absolutely immune from suit under § 1983.

For the reasons explained in this Memorandum Opinion, Plaintiff's motion to reopen is granted, and Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 in his Amended Complaint are dismissed with prejudice pursuant to the Court's screening authority under 28 U.S.C. § 1915(e)(2)(B). An appropriate order follows.

Dated:  May 2, 2022

                                              */s/ Brian R. Martinotti*
                                              **HON. BRIAN R. MARTINOTTI**
                                              **UNITED STATES DISTRICT JUDGE**